UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Susan Taylor,<br><br>           Plaintiff,<br>v.<br><br>Midland Credit Management, Inc.,<br><br>           Defendant. | Civil Action No.: 3:14-cv-01826-RNC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO QUASH SUBPOENA AND FOR PROTECTIVE
ORDER OF WILLIAM J. TAYLOR**

Pursuant to Fed. R. Civ. P. 45(d)(3) and 26(c), William J. Taylor ("Mr. Taylor"), through undersigned counsel, hereby (1) moves to quash the subpoena served on him by Midland Credit Management, Inc. ("Midland"); and (2) requests that the Court enter a protective order barring Midland from seeking discovery from him.

Mr. Taylor is a third party and, until he was subpoenaed, was not involved in this litigation.  Midland seeks to depose Mr. Taylor regarding a brief telephone conversation that it had with him regarding a consumer debt that it was collecting from Plaintiff.  As Midland has not demonstrated that it cannot obtain the information it seeks through documentary evidence already in its possession (such as audio recordings), Mr. Taylor respectfully requests that the Court grant this motion.

### BACKGROUND

Plaintiff brought this action seeking redress for Midland's alleged violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").  Specifically, among other allegations, Plaintiff alleges that Midland violated the FDCPA by disclosing the name of its company to her son, Mr. Taylor, during a telephone conversation. (Doc. No. 1, ¶ 14).

On May 11, 2015, Midland served a subpoena seeking (1) Mr. Taylor's deposition; and (2) "any and all documents in your posession [sic] regarding any and all conversations that you had with Midland Credit Management, Inc. regarding debt obligations owed by Susan Taylor." (Lemberg Decl.[1], ¶ 3, <u>Exhibit A</u>).  However, at no time has Midland demonstrated that it cannot obtain the information sought by the subpoena through documentary evidence already in its possession. (Lemberg Decl., ¶ 4).  In fact, when asked, Midland's counsel would not commit one way or the other as to whether Midland has the relevant recording or any other record of its conversation with Mr. Taylor. (Lemberg Decl., ¶ 5).

## ARGUMENT

**A. Mr. Taylor's Testimony is Not Necessary and a Deposition is Unduly Burdensome**

The subpoena should be quashed and a protective order entered because Mr. Taylor's testimony is not necessary.  Midland can obtain the same evidence elsewhere (indeed, from its own records) without deposing Mr. Taylor.

"Pursuant to Rule 45, any party may serve a subpoena commanding a nonparty 'to attend and testify' or to 'produce designated documents.'" *Weinstein v. Univ. of Conn.*, 2012 WL 3443340, at *2 (D. Conn., Aug. 15, 2012) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)).  However, regarding non-parties, although "[t]he permissible scope of discovery from a non-party is generally the same as that applicable to discovery sought from parties[,] . . . [t]he burden on the party from which discovery is sought must, of course, be balanced against the need for the information sought." *Wells Fargo Bank, N.A. v. Konover*, 2009 WL 585434, at *5 (D. Conn., Mar. 4, 2009).  To that end, district courts have discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir.

---

[1] "Lemberg Decl." refers to the Declaration of Sergei Lemberg, submitted concurrently with this motion.

2

1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court . . .").

If a party seeking a protective order demonstrates good cause, the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). Pursuant to Rule 26(c), the Court may prohibit a deposition "where the party seeking the deposition can obtain the desired information through less intrusive means." *Brockway v. Veterans Admin. Healthcare Sys.*, 2011 WL 1459592, at *2 (D. Conn., Apr. 15, 2011); *see also Gray v. Town of Easton*, 2013 WL 2358599, at *3 (D. Conn., May 29, 2013) ("If the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through subpoena on a nonparty often will create an undue burden."); *Rodriguez v. SLM Corp.*, 2010 WL 1286989, at *2 (D. Conn., Mar. 26, 2010) (collecting cases).

Here, Midland has failed to articulate any legitimate reason why discovery from Mr. Taylor is necessary if it can readily obtain the same information from its own records. Midland has not produced any documents related to the telephone call at issue, yet it seeks to place the burden of discovery on Mr. Taylor, a third party. Simply put, Midland has failed to explain *why it needs to depose Mr. Taylor at all.* Thus, the Court should quash the subpoena and enter a protective order because Midland has other, easier means at its disposal to obtain the evidence it seeks that would not require Mr. Taylor to be burdened by a deposition. Accordingly, this motion to quash and for a protective order should be granted.

## **CONCLUSION**

Based on the foregoing, William J. Taylor respectfully requests that the Court (1) quash

the subpoena; and (2) enter a protective order barring Midland from seeking discovery from him.

Dated: May 13, 2015

    Respectfully submitted,

    By: /s/ Sergei Lemberg
    Sergei Lemberg, Esq.
    LEMBERG LAW LLC
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    (203) 653-2250
    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on May 13, 2015, the foregoing was filed via the CM/ECF system for the District of Connecticut, which sent notice of such filing to the following:

Sabato P. Fiano, Esq.
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
Bridgeport, CT 06604

Ronald M. Metcho, Esq.
Marshall Dennehey Warner Coleman & Goggin, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA 19103

*Attorneys for Defendant*

                                                      /s/ Sergei Lemberg_____
                                                      Sergei Lemberg, Esq.