**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **SUSAN TAYLOR,** | **Civil Action No.  3:14-cv-01826-RNC** |
| Plaintiff, | |
| **vs.** | **OPPOSITION TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA DIRECTED TO WILLIAM TAYLOR AND FOR PROTECTIVE ORDER** |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | |
| Defendant. | |

AND NOW comes Defendant, Midland Credit Management, Inc. ("MCM") by and through its undersigned counsel, which respectfully submits this Response in Opposition to Plaintiff's Motion to quash the deposition subpoena directed to William Taylor and for protective order.  In support of its opposition, and pursuant to United States District Court for the District of Connecticut Local Rules 7(a)1 and 37(b), MCM submits the accompanying memorandum of law.

## INTRODUCTION

The discovery dispute currently before the Court concerns a subpoena that was served by Defendant, MCM on counsel for Plaintiff on May 28, 2015 in accordance with Fed. R. Civ. P. 45, to third party, William Taylor, regarding his knowledge concerning the claims presented by Plaintiff, Susan Taylor ("Plaintiff") in the above referenced matter.  Mr. Taylor is an independent third party witness, and the son of Plaintiff, who has information which is vital to the allegations set forth in Plaintiff's Complaint against MCM.  On May 13, 2015, Plaintiff, on behalf of Mr. Taylor, filed a Motion to quash

MCM's subpoena and for protective order. The parties have engaged in discussions regarding this dispute prior to bringing the matter before this Honorable Court.[1]

MCM now submits the within Memorandum of law in support of its opposition to Plaintiff's Motion. For the reasons set forth within, Plaintiff's Motion to quash and for protective order should be denied, and Mr. Taylor should be compelled to appear for his deposition at the location, time and date set forth in the subpoena attached hereto as Exhibit "A".

## BACKGROUND

On December 4, 2014, Plaintiff filed a complaint in the United States District for the District of Connecticut against MCM. See ECF 1.  Plaintiff alleges that MCM violated the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et seq.* ("FDCPA") while attempting to collect a valid and delinquent debt owed by Plaintiff to Midland Funding, LLC ("MF"), which was previously owed to Credit One Bank, N.A.  Among the violations alleged by Plaintiff, she claims that MCM called her residence on one occasion and improperly disclosed information regarding the debt at issue to a third party, William J. Taylor, which allegedly violated 15 U.S.C. §1692c(b). (See ECF 1, at ¶ 14).  Of interest, Plaintiff's Complaint does not identify the date or time of the alleged disclosure.  The allegation ambiguously states that, "On one occasion, Midland called Plaintiff's residential telephone and told Plaintiff's son that is was Midland Credit Management, Inc. calling for Plaintiff."  (See ECF 1 at ¶ 14).

---

[1] MCM has offered to withdraw the subpoena directed to Mr. Taylor if Plaintiff's counsel would agree to withdraw any allegations regarding third party disclosures made by MCM to Mr. Taylor.  Plaintiff's counsel has refused to withdraw these allegations and thus, MCM will continue to pursue the deposition of Mr. Taylor, as his deposition testimony is vital in regard to Plaintiff's claim that MCM disclosed information regarding Plaintiff's debt obligation to him and, thus, violated 15 U.S.C. § 1692c(b).

To fully assess Plaintiff's claims, on May 11, 2015 MCM issued a subpoena for the deposition of Mr. Taylor in accordance with Fed. R. Civ. P. 45. (A true and correct copy of MCM's deposition subpoena for William Taylor is attached hereto and referenced within as Exhibit "B"). The subpoena specifically sets forth that Mr. Taylor's testimony is sought in connection with Plaintiff's claims regarding the alleged third party disclosure and that Mr. Taylor is to appear for a deposition on June 9, 2015 to testify regarding any and all conversation(s) that he had with MCM with respect to debt obligation(s) owed by Plaintiff. (See Exhibit "B").

Mr. Taylor's testimony is relevant to the matter at hand given Plaintiff's claims of an alleged third party disclosure of debt information.   Further, the allegations in Plaintiff's Complaint specifically concern Mr. Taylor as he is the alleged party who received the alleged improper disclosure(s) from MCM.  As such, Mr. Taylor's testimony is necessary for MCM to fully evaluate the potential liability in this matter and for MCM to prepare a defense.   Accordingly, Plaintiff's Motion to quash MCM's subpoena regarding Mr. Taylor's deposition and for Protective Order should be denied.

## ARGUMENT

The Federal Rules of Procedure provide that a party to an action may subpoena a third party witness to testify during a deposition regarding matters related to the action, provided that the subpoena includes the necessary identifying information and all parties/witnesses are properly served. See Fed. R. Civ. P. 45.[2]  Plaintiff, in the matter at hand, seeks to quash MCM's subpoena served upon William Taylor in accordance with Fed. R. Civ. P. 45(d)(3) and requests that a protective order pursuant to Fed. R.

_____

[2] On May 13, 2015 counsel for Plaintiff, Sergei Lemberg, Esquire, agreed to accept service of the subpoena directed to Mr. Taylor.

3

Civ. P. 26(c) be issued by the Court.  Federal Rule of Civil Procedure 45(d)(3) allows a Court to quash a deposition subpoena if it: (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden.  <u>See</u> Fed. R. Civ. P. 45(d)(3). Plaintiff does not allege that MCM did not provide Plaintiff or Mr. Taylor with a reasonable about of time to comply with the subpoena, that the sought deposition is beyond the geographical limits specified under Rule 42(c) or that MCM seeks information from Mr. Taylor that is privileged or protected.  Plaintiff merely claims that Mr. Taylor's deposition should not be taken because it is "not necessary" and that the taking of the deposition would be unduly burdensome for Mr. Taylor.  These excuses do not give Mr. Taylor a legal basis to dodge the sought deposition, considering the importance of the testimony in regard to Plaintiff's alleged claims.

**A.    THE CLAIM THAT MR. TAYLOR'S DEPOSITION IS "NOT NECESSARY" IS NOT SUPPORTED BY LAW; IRREGARDLESS, THE DEPOSITION IS NECESSARY GIVEN PLAINTIFF'S CLAIMS**

Plaintiff's argument that Mr. Taylor's deposition should not be taken because it is "not necessary" is void of legal support and runs counter to the facts of this case. Necessity is not included in any of the aforementioned bases for a Court to quash a deposition subpoena as set forth in Fed. R. Civ. P. 45(d), nor is it a reason to issue a protective order under Fed. R. Civ. P. 26(c)[3].  One of the key claims made by Plaintiff in her Complaint is that MCM violated the FDCPA by disclosing debt collection information to a third party (her son, William Taylor). (ECF 1 at ¶ 14).  Accordingly, it is clear that

---

[3] Protective Orders are issued at the Court's discretion upon motion by a party when a sought deposition will cause annoyance, embarrassment, oppression, or undue burden or expense. See Fed. R. Civ. P. 26(c).

Mr. Taylor has relevant information regarding Plaintiff's claims as he is the individual that received the alleged viloateive disclosure from MCM's agent.  It has clearly been established that a party has a right to depose a third party witness when the deposition can produce relevant information regarding a claim or defense or lead to admissible evidence. See Croom v. W. Conn. State Univ., 218 F.R.D. 15, 17 (D. Conn. 2002). In Croom, University officials were required to testify at a deposition in an employment suit despite the fact that they had no knowledge of Plaintiff's specific termination. See id. The mere possibility that the officials had knowledge of systematic practices within the organization was sufficient in determining whether plaintiff could depose these individuals. See id.

In the matter at hand, there is no dispute that Mr. Taylor has relevant information regarding Plaintiff's claims that MCM allegedly disclosed information to him regarding Plaintiff's debt.  MCM has not been provided with any information regarding when the alleged disclosure occurred or what information was allegedly disclosed to Mr. Taylor. Thus, it is not only necessary, but essential that MCM depose Mr. Taylor to assess Plaintiff's allegations regarding the alleged third party disclosure.

**B.     PLAINTIFF HAS FAILED TO MAKE SPECIFIC DETERMINATIONS OF   FACT SUPPORTING HER CONTENTION THE MR. TAYLOR'S     DEPOSITION WOULD BE UNDULY BURDENSOME**

Plaintiff also argues that Mr. Taylor's deposition should not be pursued because it would cause an undue burden on Mr. Taylor.  It is left to the party opposing the deposition to set forth a specific determination of fact as to why the deposition would cause the subject an undue burden. See Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006). Federal jurisprudence is clear that a Court may issue

5

a protective order only "after the moving party demonstrates that good cause exists for the protection of the material." Id. (*citations omitted*).

To establish good cause, "courts require a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (*citations omitted*). Furthermore, general conclusory allegations that deposition testimony would be duplicative of discovery already exchanged is not a sufficient determination of fact to support the issuance of a Protective Order.  See Rubin v. Hirschfeld, 2001 U.S. Dist. LEXIS 25760 (D. Conn. Oct. 10, 2001).  Defendants in Rubin argued generally that Plaintiff should be precluded from deposing their client because it was their opinion that no additional discovery was needed as their client's deposition would simply be duplicative of documents previously exchanged in discovery. See id. at *4. The Court in Rubin refused to issue a protective order as requested by defendant because defendant failed to satisfy the "good cause showing" by making a specific determination of fact supporting their position. See id.

Here, as in Rubin, Plaintiff claims that Mr. Taylor would be unduly burdened by appearing for a deposition because his testimony would be duplicative of documents already in MCM's possession. To the contrary, Plaintiff makes general conclusory statements that MCM is in possession of some unidentified document(s) or recording(s) that allegedly confirms the alleged third party disclosure(s) made to Mr. Taylor. However, Plaintiff's allegations do not specify the date, time or content of any alleged disclosure(s).  Plaintiff's counsel has made general conclusory statements regarding documents or recordings that he alleges will alleviate the need for Mr. Taylor's deposition.  However, no specific information regarding the date, time or content of the

alleged deposition has been provided to counsel for MCM to confirm the alleged allegation of the alleged violation of 15 U.S.C. § 1692c(b)   As such, Mr. Taylor's anticipated testimony regarding these alleged disclosure(s) is the necessary evidence to either support or debunk Plaintiff's third party debt disclosure claim. Accordingly, it is imperative that MCM depose Mr. Taylor to fully evaluate Plaintiff's claims and prepare a defense in this matter.

Plaintiff initially cites to Brockway v. VA Connecticut Healthcare System  to support her argument that a Court may prohibit a certain deposition when the information sought can be obtained through less intrusive means. However, a closer reading of Brockway, which in turn relied on Rodriguez v. SLM Corp., reveals that the Court made that determination in the context of deposing high ranking (retired) corporate officials. See Brockway v. VA Connecticut Healthcare System, 2011 U.S. Dist. LEXIS 41193, 7-8 (D. Conn. Apr. 15, 2011); citing Rodriguez v. SLM Corp., 2010 U.S. Dist. LEXIS 29344 (D. Conn. Mar. 26, 2010). The Plaintiff in Rodriguez sought the depositions of two retired high ranking corporate officials. The Court ruled that the same information could be elicited from lower ranking officials still employed by the corporation and thus the Court issued a Protective Order at the bequest of Defendant. The Rodriguez decision, which was cited by the Brockway Court, is clearly distinguishable from the matter at hand. Here, we have a clear dispute of fact as to the content of the conversation between MCM's representative and Mr. Taylor.  Thus, the only individual with information allegedly supporting Plaintiff's allegations is the individual who has been identified in Plaintiff's Complaint - Mr. William Taylor.

Plaintiff's reliance on <u>Gray v. Town of Easton</u> is similarly misguided.  While the Court in <u>Gray</u> ruled that a party should seek discovery from other parties or public sources before issuing subpoenas to third parties, MCM maintains that Mr. Taylor is the only source, public or otherwise, who has information regarding Plaintiff's disclosure claim. As such, the ruling in <u>Gray</u> does not apply to the matter at hand since Mr. Taylor is the sole source of relevant information regarding this particular claim.

## <u>CONCLUSION</u>

For these reasons, Plaintiff's Motion to Quash and for Protective Order should be denied with prejudice.

Wherefore, Defendant, Midland Credit Management, Inc. respectfully requests that Plaintiff's Motion be denied and that William Taylor be compelled to appear for his deposition on the date, time and location set forth in the attached subpoena.


Date: June 3, 2015                    DEFENDANT
                                      NATIONAL CREDIT SYSTEMS, INC.

                                      By: _____/s/_____
                                         Sabato P. Fiano

                                         Zeldes, Needle & Cooper, PC
                                         1000 Lafayette Blvd., Suite 500
                                         Bridgeport, CT 06604
                                         Tel:   (203) 332-5791
                                         Fax:   (203) 333-1489
                                         Email: sfiano@znclaw.com

                                      Its Attorney

## <u>CERTIFICATION</u>

I hereby certify that on June 3, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

        /s/
Sabato P. Fiano